**L. J. HELLBERG, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

**No. 15278-2.**

United States District Court
W. D. Missouri, W. D.

July 22, 1965.

Hutson & Van Horn, Kansas City, Mo., for plaintiff.

F. Russell Millin and John L. Kapnistos, Kansas City, Mo., for defendant.

GIBSON, Chief Judge.

*MEMORANDUM AND ORDER*

This is an action for judicial review of a final decision of defendant, Secretary of Health, Education and Welfare. It is now before this Court on a defendant's motion for summary judgment. The jurisdiction of this Court is established by 42 U.S.C. § 405(g).

In April 1962 plaintiff filed an application for old age insurance benefits under 42 U.S.C. § 402(a). An award was approved in June 1962 effective January of the same year, with benefits being suspended through April of that year based upon estimate of earnings in excess of the statutory minimum. In October 1962 plaintiff allegedly transferred his liquor store to his wife, the transfer being the center of the present controversy. In May 13, 1963, the Social Security Administration notified plaintiff that there had not been a valid transfer of his package liquor store business, that he had been overpaid for the year 1962, and that no more benefits would be paid to plaintiff. The Social Security Administration upon reconsideration determined that

their original action was correct. Plaintiff requested, and was granted, a hearing which was held in April 1964. On June 5, 1964, the hearing examiner rendered a decision finding that plaintiff had not made a valid transfer of his business to his wife, that he was therefore continuing to render substantial service in his own business through the date of the decision. The Appeals Council has denied plaintiff's request for review, and so the hearing examiner's decision stands as the final decision of the Secretary. This action for review of that final decision was duly filed in this Court.

The ultimate issue in this case is whether or not plaintiff made a valid transfer of his liquor store to his wife, Ruby Hellberg. If a valid transfer has been made, then plaintiff is entitled to any unpaid benefits. However, if there was no valid transfer then he is not entitled to the claimed benefits.

■■ It should be pointed out that since the hearing examiner has found that there was no bona fide transfer of the business, this determination, if supported by substantial evidence, will be conclusive upon this Court. The Court will not review de novo any finding of fact supported by substantial evidence. 42 U.S.C. § 405(g). Cody v. Ribicoff, 289 F.2d 394, 88 A.L.R.2d 970 (8th Cir. 1961).

■ Upon careful review of the entire record, the Court is convinced that there is substantial evidence to support the defendant's finding that there was no bona fide transfer of the liquor store.

■ It is recognized that a man may validly convey property to his wife or family members. However, when the validity of these transfers are brought into question, it rests upon the person asserting their validity to demonstrate the bona fides of the transaction. Such transactions can be closely examined.

■ Plaintiff pointed out that the proper steps were taken, and that many of the rights and duties of ownership recognized by the law of the state were transferred from Mr. Hellberg to Mrs.

Hellberg. However, what may be a valid and legal arrangement for one purpose, may for other purposes, not have met the necessary requirements to be afforded recognition. For instance, in the field of taxation, the Commissioner of Internal Revenue has successfully ruled that even though a partnership that would be recognized under the law of the state as a valid arrangement, subjecting the members to the rights and duties thereof, was open to question for the purpose of taxation. See, Commissioner of Internal Revenue v. Culbertson, 337 U.S. 733, 69 S.Ct. 1210, 93 L.Ed. 1659 (1949). A very similar question is presented here. Even though the transfer in question might qualify Mrs. Hellberg to exercise some of the rights and subject her to some of the duties imposed under state law, does not keep the defendant or the courts from examining the transaction in light of the requirements of the Social Security law.

The Social Security Act, Title 42 U.S.C. § 403 provides for deductions from benefits for income earned from substantial services performed in his own business. The Social Security Administration may therefore properly determine whether or not a claimant is, in fact, self-employed. To deny them this right would cripple this entire section of the Act. In determining whether a claimant is, in fact, self-employed, the law would demand that the Secretary or his delegate must investigate the bona fides of any alleged transaction. If the claimant is, in fact, the owner of the business in which he is claiming no interest, the Secretary and the Courts may so recognize the true situation for Social Security purposes, regardless of the legal steps taken under state law.

■ The Social Security Act would further seem to demand that when a former legal title holder essentially retains the beneficial interest of the business and continues to render substantially similar services to his old business, with no visible changes in the management, the Social Security Administration may look into the bona fides of the trans-

action, and if the evidence warrants, declare the invalidity of the transfer regardless of the position of the legal title.

When this apparently spurious transaction presented itself, the Social Security Administration made just such an investigation. Claimant was given every opportunity to present evidence and argue his case. Thereafter, the Secretary concluded that for Social Security purposes there was no valid sale of his business.

It is the conclusion of this Court that substantial evidence supports this finding of the Secretary. These facts from the record stand in support of the Secretary's ruling. The income for the family unit is the same now as it was prior to the transfer. Likewise, the transfer did not effect any changes in the work load of the family members. Mr. Hellberg does the same amount of work in the business that he did before. He appears to still be the "guiding light" and manager of the business. Mrs. Hellberg has not significantly increased her work in the business since she has acquired legal title. Looking at the operation of the business, it is continuing as before with no significant change. Furthermore, Mr. Hellberg had the stated intention of effecting a paper transaction for the purpose of collecting his social security benefits. Other evidence points to the inadequacy of the consideration of · and its disposition in an account upon which Mr. Hellberg has the right to draw.

In short, the family work-load, nor the family income has been changed by the transfer. Business continued as before. From this, defendant was fully justified in concluding that the transaction was merely a scheme by which income actually earned by Mr. Hellberg could be credited to Mrs. Hellberg with no essential change in the true status of the business. Being essentially a scheme of income distribution, it is freely reviewable by the Secretary. Poss v. Ribicoff, 289 F.2d 10 (2d Cir. 1961).

Therefore, the Secretary may validly investigate the bona fides of any alleged transfer to determine its sufficiency for Social Security purposes. Upon investigation, the Secretary has concluded that there was no bona fide transfer for this purpose. There is substantial evidence upon the record supporting the Secretary's final conclusion, so the Court must, and will accept the finding of the Secretary on this issue. Summary judgment is granted in favor of defendant.

It is so ordered.