**Walter E. PHILLEY, Plaintiff,**

v.

**Wilbur J. COHEN, Secretary of Health, Education, and Welfare, Defendant.**

**No. GC 682–K.**

United States District Court
N. D. Mississippi,
Greenville Division.

Dec. 18, 1968.

H. Talbot Odom, Greenwood, Miss., for plaintiff.

H. M. Ray, U. S. Atty., Oxford, Miss., for defendant.

## MEMORANDUM OPINION

KEADY, Chief Judge.

This is an action brought pursuant to § 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a decision of the Secretary of Health, Education, and Welfare, and is presently before the court on motions for summary judgment filed by both parties and on motion of defendant to strike certain appendices to plaintiff's motion. The principal issue is whether or not there is "substantial evidence" in the record to support the finding of the Secretary that the plaintiff received an over-payment of old-age benefits in the amount of $4,472, recovery of which could not be waived under the provisions of § 204(b) of the Social Security Act (42 U.S.C. § 404(b)).[1] An additional question is whether this court may consider affidavits appended to the motion for summary judgment by plaintiff which were not before the Hearing Examiner.

The facts are set forth briefly as follows: Plaintiff filed an application for old-age insurance benefits on June 28, 1960, and, accordingly, was awarded monthly benefits of $86 effective July of 1960, when he became 65 years of age. He was notified, however, on July 16, 1960, that no benefits would actually be paid at that time since he was expected to earn more than $1,200 during that taxable year. Plaintiff completed and returned the "Request for Benefits Payable Form" enclosed, stating that he did not

1. 42 U.S.C. § 404(a) and (b) read, in pertinent part, as follows:

"OVERPAYMENTS AND UNDERPAYMENTS

(a) Whenever an error has been made with respect to payments to an individual under this subchapter * * *, proper adjustment shall be made, under regulations prescribed by the Secretary, by increasing or decreasing subsequent payments to which such individual is entitled.

\* \* \* \* \*

(b) There shall be no adjustment or recovery by the United States in any case where incorrect payment has been made to an individual who is without fault * * * and where adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience."

expect to earn more than $1,200 during that year, and on the basis of his request, payments were made commencing July 1960 and continuing through December 1964.

On March 23, 1965, plaintiff's wife filed an application on her own earnings record for old-age benefits, alleging that she had operated the family farm since 1960, thereby establishing the required quarters of coverage under the Social Security Act. The Administration determined initially and later, upon reconsideration, that she was not the operator of the farm, that the earnings reported by her were attributable to plaintiff, and that he had, therefore, received overpayments in the amount of $4,472 during the period from July 1960 to December 1964. Pursuant to plaintiff's request, a hearing was held on March 24, 1966, at Greenwood, Mississippi, at which time he was represented by counsel and had as his witnesses his wife, his son, and his accountant. The Hearing Examiner, by decision dated July 7, 1966, found that plaintiff had not relinquished his farming operations to his wife, and that during each of the years 1960, 1961, 1962, 1963 and 1964, he rendered substantial services as the farm operator with earnings in excess of the allowable amount. Plaintiff obtained review of the decision by the Appeals Council, and by order dated January 18, 1967, the Appeals Council remanded the case with instructions that plaintiff's wife be made a party and that the Examiner considered whether the overpayment should be waived under § 204(b) of the Social Security Act. At the hearing on remand, additional testimony—that of an insurance agent and plaintiff's daughter—was introduced to corroborate the earlier testimony that in July of 1960 plaintiff relinquished all control of the family farm to Mrs. Philley. The Hearing Examiner found, however, that deductions had been properly imposed because of excess self-employment earnings and that recovery of the overpayment could not be waived because to do so would not "defeat the purpose of the Social Security

Act or be against equity or good conscience." The Hearing Examiner's decision of April 13, 1967, became the "final decision" of the Secretary on June 21, 1967, when the Appeals Council denied plaintiff's request for review.

The jurisdiction of this Court is confined to a limited review of the Secretary's decision and the record made in the administrative hearing process. 42 U.S.C. § 405(g) provides in pertinent part, as follows:

> " * * * The court shall have power to enter upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *."

■■ We may consider only the record developed before the defendant's department, and, therefore, defendant's motion to strike the affidavits attached to plaintiff's motion for summary judgment must be sustained. Fels v. Ribicoff, 30 F.R.D. 141 (U.S.D.C.S.D. New York 1962). Congress intended that the district courts should have only the power to review the record as compiled below and not to proceed *de novo*. The authorization in Rule 56 F.R.Civ.P. for the use of affidavits on a motion for summary judgment is for the purpose of establishing whether there is or is not a triable issue of fact, and is inapplicable in a case such as that *sub judice* where the court's power is limited to a determination whether the Secretary's findings and decision are supported by substantial evidence. Sage v. Celebrezze, 246 F.Supp. 285 (U.S.D.C. W.D.Va.1965).

■ We hold further on the basis of our examination of the record developed by the Secretary that there was no "substantial evidence" to support the finding that the plaintiff had not relinquished his farm to his wife in July 1960. On the contrary, the evidence overwhelmingly shows that, as of that date, plaintiff com-

pletely relinquished control of the farm to his wife, and rendered no substantial services in connection therewith subsequently thereto.

Plaintiff and his wife owned as tenants in common 80 acres of land in Leflore County, Mississippi, and prior to July 1960 the plaintiff and his son, James W. Philley, farmed this tract, along with certain acreage rented from third parties. Plaintiff's wife did not participate in the farming operation until about July, when she and her son began their operations. Plaintiff testified that after turning the farm over to his wife, he would occasionally drive over the farm but was not active in its management, leaving that to his wife and son. He stated that his retirement was the result of bad health. He claimed to have had no authority to direct or supervise any of the personnel, and that the income derived from the farming operations belonged to his wife. He further testified that he took no part in obtaining crop production loans, that all crops were sold by his wife and sale proceeds handled by her, and that she paid all bills incurred for the farm. He claimed not to have discussed farming operations with his wife after his retirement. Plaintiff's wife testified that she was familiar with farming, having lived on a farm all of her life, and that when she assumed her husband's duties in the farming operation she continued, as did the plaintiff, to operate on an informal partnership basis with the son, retaining equipment, workers and insurance in common. The plaintiff's son corroborated the testimony of Mr. and Mrs. Philley. The family accountant testified that it was to Mrs. Philley that he looked for instructions after July 1960. On July 6, 1960, plaintiff's son and Mrs. Philley became joint owners of the farm's general liability policy.

On July 19, 1960, Mrs. Philley acknowledged to the Department of Health, Education, and Welfare that she was assuming her husband's debts. Also in that year Mrs. Philley had the ASC office in Leflore County transfer the cotton allotment from plaintiff's name to hers. Crop production loans were made directly and solely to Mrs. Philley after 1960 by their bank, and she was the party who did all the business with Farmers Supply Cooperative. All cotton raised on the farm and later sold was in the name of Mrs. Philley. She purchased all gas, equipment and other supplies without assistance from the plaintiff. Annual income tax returns allocated to Mrs. Philley the farm income. These facts are clearly shown by uncontroverted documentary evidence, nor does it appear that the plaintiff had any connection, during the period of time under review, with business transactions affecting the farm venture. Ex parte statements of farm workers gained by Department investigators and by plaintiff are so contradictory and conflicting as to be of no aid in resolving the question of who gave them their field work orders. What it appears to boil down to is that the Hearing Examiner simply did not believe the Philleys' version of the post-July 1960 farming operations.

In the decision issued following the first hearing the Examiner, in evaluating the evidence, stated as follows:

"The whole tenor of the evidence is to the effect that this farming operation has been a family arrangement from its inception. Mrs. Philley is not familiar with the farming operations and her participation therein was merely to help her husband and son operate the farm."

There is simply nothing in the record to substantiate this finding, nor the statement of the Examiner that "Mrs. Philley seemed to know very little about the farming operations she allegedly conducted during the years in question." The credible evidence supports the view that there was, in fact, a transfer of the farming operation in 1960, and that thereafter plaintiff did not perform any substantial services in connection therewith, but that Mrs. Philley assumed the ownership and control of the income producing, farm enterprise. Plaintiff clear-

ly had the lawful right to discontinue farming operations at any time, upon his own election, and for the express purpose of qualifying to receive old-age benefits. Here he exercised that right without subterfuge or guile. True it is that plaintiff received, from the transfer and his cessation of performing substantial services to the farming operation, an immediate benefit qualifying him as a recipient of presently payable monthly sums, and it is likewise true that Mrs. Philley, the transferee, obtained an additional benefit to qualify her for ultimate Social Security payments. These are the consequences, however, of the beneficent provisions of the Social Security Act as passed by Congress. The fact that such benefits have vested in these parties does not afford a proper basis, in law, for the critical scrutiny and challenge of their plan and conduct to realize those very benefits.

■ This Court may not retry the case *de novo* and may not substitute its judgment for that of the Secretary, but "a reviewing court may not abdicate its traditional judicial functions, or escape its duty to scrutinize the record as a whole to determine whether the conclusions reached are reasonable, and whether the hearing examiner applied the correct legal standards to the evidence." Bridges v. Gardner, 368 F.2d 86 (5 Cir. 1966). Holding that there is no substantial evidence to support the finding of the Secretary, and finding that the issues may be disposed of by way of summary judgment on the record made, the Court sustains the motion for summary judgment filed by plaintiff, overrules the motion for summary judgment filed by defendant, and reverses the findings below with directions to enter a judgment entitling plaintiff to recover the sum of $4,472 improperly withheld.

■ In his complaint, Walter E. Philley requests the Court to fix a reasonable fee for the services of his attorneys rendered in this case. By 79 Stat. 403, adopted July 30, 1965, 42 U.S.C. § 406 was amended to expressly confer authority upon the District Court to determine and allow as part of its judgment a reasonable attorney fee, not exceeding 25%, allowable in cases where the litigation results favorably to a claimant, with such fee to be paid out of, and not in addition to, the amount of past due benefits allowed by the Court.[2] Even prior to the adoption of this amendment, the Court of Appeals for the Fifth Circuit had recognized the inherent power of a District Court to allow reasonable attorney fees in Social Security appeals. Celebreeze v. Sparks (5 Cir. 1965), 342 F.2d 286. Cf. Gray v. Celebrezze, 245 F.Supp. 718 (D. C. W.D.Va.1965). Thus it becomes unnecessary to determine whether the amendment referred to has application to claims which originated prior to its passage. The Court finds that plaintiff's counsel in the case at bar are entitled to receive 25% of the above sum improperly withheld, as that amount constitutes reasonable compensation for their services rendered in this cause, including services rendered before the defendant Secretary, as provided by said Act (42 U.S.C. § 406(b) (1)). No other fee may be payable for such representation.

2. § 406(b) (1) U.S.C., Title 42, provides as follows:
"Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph."