**Louis L. RUNEY, Plaintiff,**

**v.**

**Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 72–442.**

United States District Court,
D. South Carolina,
Charleston Division.

Nov. 10, 1972.

Demal I. Mattson, Jr., Charleston, S. C., for plaintiff.

John K. Grisso, U. S. Atty., Columbia, S. C., for defendant.

## ORDER

BLATT, District Judge.

This is an action brought pursuant to Section 205(g) of the Social Security Act (42 U.S.C. § 405(g)) to obtain judicial review of the final decision of the Secretary denying plaintiff's claim for social security retirement benefits and is presently before the court on defendant's motion for summary judgment.

The final decision of the Secretary, rendered on October 20, 1971 by a hearing examiner, held that plaintiff became eligible for retirement insurance benefits effective February, 1970, but that monetary benefits were not payable to plaintiff in view of plaintiff's continued self-employment in the restaurant business which he had formerly owned, and, further, that the plaintiff had not "retired" from said business. From the above factual finding, the hearing examiner concluded that work deductions were properly imposed against the plaintiff for all months subsequent to plaintiff's entitlement to benefits in February, 1970.

Plaintiff, who filed application for retirement (old-age) benefits on February 12, 1970, was awarded such benefits effective on that date, but the payment of these was denied because it was estimated that he would continue to earn in excess of an amount which would authorize such payment. Thereafter, plaintiff requested reconsideration of his claim on the ground that he no longer operated his restaurant business, as he contended that he had transferred it to his wife prior to February, 1970.

Plaintiff, who is 67 years old and who had been self-employed in the restaurant business from 1936 until his alleged retirement, contends that his wife began working in his business in 1968 and gradually assumed more of the managerial responsibilities until, finally, he transferred complete ownership and control of the business to her by a bill of sale and he retired. He alleges that

since his retirement all of the restaurant functions, responsibilities, and liabilities have been assumed by his wife who is some 10 years his junior.

On May 21, 1971, plaintiff requested a hearing before a hearing examiner contending that he was retired and entitled to old age benefits. Thereafter, a special determination was made by the Social Security Administration on June 7, 1971, that no valid transfer of the restaurant business had taken place and that plaintiff continued to be self-employed within the meaning of the Social Security Act. A hearing was held on August 26, 1971, at which the plaintiff appeared pro se and testified. At the hearing, plaintiff stated that there were two other employees in the business in addition to plaintiff and his wife and that his activities at the restaurant were very limited. He denied he was drawing anything from the business but he was quite evasive or befuddled when questioned about his earnings. Plaintiff did admit that he had a net profit of $4,069.00 in 1969. His wife reported income of $4,025.00 for 1970. Plaintiff also testified that his wife drew $100.00 per week out of the business to pay household expenses. He further testified that they maintained two separate checking accounts, that the business account checks were endorsed by his wife alone, while prior to the transfer only the plaintiff had endorsed such checks. Plaintiff stated that the household account was a joint one.

The plaintiff also testified that he daily accompanied his wife from their home on Folly Island to their business in the city of Charleston, a distance of some 12 miles, because he did not wish to remain alone at home every day, and because he enjoyed "commiserating" with old friends at the restaurant.

The Social Security Administration sent investigators to the restaurant and to certain suppliers of the restaurant, and the efforts of these investigations indicate that the plaintiff did more than "fiddle around" in the restaurant. The investigator who visited the restaurant on January 22, 1971, reported that plaintiff's wife was not even at the restaurant at that time and that plaintiff "is still in the business full time and is obviously rendering services." (Tr. 70). The investigator also reported that the business license was issued in the name of the business "Yip's Lunch" but that a pin ball machine was registered in the wife's name. Subsequent to the hearing, the plaintiff submitted the affidavits of himself, his wife, and the waitress and the dishwasher at the restaurant, all of which stated that plaintiff's activities at the restaurant were extremely limited and that plaintiff's wife had actual charge of the day-to-day managerial activities of the restaurant.

The hearing examiner's decision, in relevant part, is as follows:

"There appears to be no difference in the operation of the restaurant except the paper transfer of the assets of the business to his wife. There is, of course, nothing sinister or wrong in an individual transferring a business to his wife or to another member of his family unless this is done to defeat the purpose of the retirement test under the Social Security Act. The claimant and his wife both receive the same benefits from the restaurant that they have in years past, i. e. the restaurant pays their household expenses. Both the claimant and his wife work in the restaurant just as they have done in the past. The claimant goes to work every day and stays from 7:00 a. m. until 4:00 p. m. He obviously works many hours per week, and his services are significant. There is no doubt that if the claimant retired or stayed at home that his wife would be unable to operate the restaurant. From the claimant's own description of his activities and the use of the money, it appears that no valid transfer of the restaurant between the claimant and his wife has

occurred. It further appears that the earnings of the claimant's wife should be transferred from her account to his, and the hearing examiner so finds. The hearing examiner further finds that the claimant has not retired. He continues to devote many hours of significant activity to the business.

It is the decision of the hearing examiner that work deductions for all months since the claimant's date of entitlement are properly imposed." (Tr. 15).

Section 202(a) of the Social Security Act (42 U.S.C. § 402(a)) provides for the payment of old age benefits to those who meet the eligibility criterion. Section 203(b) of the Act gives the Secretary authority to impose deductions against benefits otherwise payable under § 202(a) if there is or has been excess earnings.

An individual's "excess earnings" for the taxable years 1970 and 1971 are defined in § 203(f)(3) of the Act (42 U.S.C.A. § 403(f)(3)), as follows:

". . . (H)is earnings for such year in excess of the product of $140 multiplied by the number of months in such year, except that of the first $1,200 of such excess (or all of such excess if it is less than $1,200), an amount equal to one-half thereof shall not be included . . ."

Section 203(f)(4)(A) of the Act (42 U.S.C.A. § 403(f)(4)(A)), also provides that:

"An individual will be presumed, with respect to any month, to have been engaged in self-employment in such month until it is shown to the satisfaction of the Secretary that such individual rendered no substantial services in such month with respect to any trade or business the net income or loss of which is includible in computing (as provided in paragraph (5) of this subsection) his net earnings or net loss from self-employment for any taxable year. The Secretary shall by regulations prescribe the methods and criteria for determining whether or not an individual has rendered substantial services with respect to any trade or business."

The courts have acknowledged the right of the Secretary to review and reappraise reports of "earnings" in situations as here involved, including the crediting of such earnings for purposes of both entitlement and deductions, and if necessary, to determine the reasonable value of services performed. Skalet v. Finch, 431 F.2d 452 (6 Cir. 1970). Thus, the "Secretary has authority to consider the substance of any transaction over its form." 431 F.2d at 453. In *Skalet*, the court held that a claimant's attempt to transfer to his wife and son as partners his sole proprietorship which he had operated for over 20 years was not a valid transfer but was merely an attempt to shift his income to them and, therefore, such claimant was receiving excess income from self-employment.

A claimant has the right to discontinue his self-employment at any time by transferring his business to other members of his family, and the fact that he does so in order to qualify for retirement benefits does not infect the transfer with invalidity under the Act. See Philley v. Cohen, 293 F.Supp. 1068 (N.D.Miss.1968). That the transfer appears on paper to be within the letter of statutes as to eligibility is not, per se, dispositive of the issue of continued self-employment. Davis v. Celebrezze, 217 F.Supp. 911 (D.Vt.1963). The Secretary is authorized to "consider the entire picture presented by all attendant circumstances and by the history of the household and economic relationships between claimant" and his wife. Sabbagha v. Celebrezze, 345 F.2d 509, 511 (4 Cir. 1965).

The Secretary may validly take into account the fact that a claimant

continues to perform work in a business which he allegedly has transferred to a member of his family (Ludeking v. Finch, 421 F.2d 499 (8 Cir. 1970), the degree of control such claimant still exercises over the conduct of the business, and the fact that the claimant "continued to have full use of the income" from such business. Gordon v. Finch, 437 F.2d 253, 257 (8 Cir. 1971). Thus, the Secretary is justified in considering whether the claimant remains the "moving force of the operation." Dondero v. Celebrezze, 312 F.2d 677 (2 Cir. 1963). In the instant case, the plaintiff admits that he is present in the restaurant the same amount of time as he was prior to his alleged retirement and he admits that he performs some services, but he denies exercising managerial control. His wife withdraws $100.00 per week from the business and presumably places the money in their joint household account, although plaintiff denies drawing checks on that account.

In Hellberg v. Celebrezze, 245 F.Supp. 390 (W.D.Mo.1965), a decision factually close to the instant case, the district court affirmed the decision of the hearing examiner holding the transfer of a liquor business from a claimant to his wife invalid under the Act:

"(5) Plaintiff pointed out that the proper steps were taken, and that many of the rights and duties of ownership recognized by the law of the state were transferred from Mr. Hellberg to Mrs. Hellberg. However, what may be a valid and legal arrangement for one purpose, may for other purposes, not have met the necessary requirements to be afforded recognition . . . Even though the transfer in question might qualify Mrs. Hellberg to exercise some of the rights and subject her to some of the duties imposed under state law, does not keep the defendant or the courts from examining the transaction in light of the requirements of the Social Security law." 245 F.Supp. 392.

■■ To reverse the Secretary's decision here, it is not enough that this court find that a decision in favor of the plaintiff would have been reasonable, rather this court must come to the conclusion that the decision below was not rational. Simmons v. Celebrezze, 362 F.2d 753 (4 Cir. 1966). Thus, while this court might disagree with the hearing examiner—there is, in fact, some evidence to support the plaintiff's position —there is substantial evidence in the record to support the Secretary's decision. The hearing examiner essentially resolved the issue of credibility against the plaintiff. As the court in Newman v. Celebrezze, 310 F.2d 780 (2 Cir. 1962) stated:

"The testimony of plaintiff and his witnesses explaining his presence in the office as being only for social purposes and denying any services or compensations, was found by the Examiner to be 'not convincing.' Whether or not, upon initial consideration, we would have held that plaintiff's evidence was sufficient to overcome the statutory presumption standing alone, we cannot say that the Examiner's determination as to credibility and the inferences drawn by him from the facts were without substantial support on the whole record." 310 F.2d at 781.

Since the Secretary's decision is supported by substantial evidence, it must be affirmed.

And it is so ordered.