Glenn L. HOLDEMAN

v.

Margaret HECKLER, Secretary of
Health and Human Services.

No. S 83–13.

United States District Court,
N.D. Indiana,
South Bend Division.

Sept. 14, 1983.

Loren R. Sloat, Nappanee, Ind., for plaintiff.

R. Lawrence Steele, Jr., U.S. Atty. by Donald P. Moroz, Asst. U.S. Atty., South Bend, Ind., for defendant.

## MEMORANDUM AND ORDER

SHARP, Chief Judge.

Plaintiff filed an application for Retirement Insurance benefits on April 16, 1981 (Tr. 74–77). The application was denied initially (Tr. 94–95) and on reconsideration (Tr. 100–103) by the Bureau of Retirement and Survivors Insurance after the Indiana State Agency, upon evaluation of the evidence found that plaintiff had not retired. The Administrative Law Judge (hereinafter ALJ), before whom plaintiff, his attorney, and two witnesses appeared, considered the case *de novo* and on August 12, 1982, found that plaintiff's $16,000.00 in earnings precluded him from being paid any retirement insurance benefits during 1981 (Tr. 15). The ALJ's decision became the final decision of the Secretary of Health and Human Services when the Appeals Council approved that decision on November 10, 1983 (Tr. 3).

This action was filed January 6, 1983. The defendant filed a motion for summary judgment on July 14, 1983, to which plaintiff filed a response on August 31, 1983. The defendant's motion for summary judgment is now ripe for ruling and oral argument is not necessary.

Section 202(a) of the Social Security Act, as amended, provides that every individual who is (1) a fully insured individual as defined in Section 214(a) of the Act, (2) has attained age 62, and (3) has filed application for Retirement Insurance Benefits or was entitled to Disability Insurance Benefits for the month preceding the month in which he attained age 65, shall be entitled to Retirement Insurance Benefits equal to his primary insurance amount as defined in Section 215(a). However, Section 203 of the Act as it existed during calendar year 1981 provided in effect that when an individual who is otherwise entitled to Retirement Insurance Benefits receives either wages or self-employment income in excess of $4080.00 a year or in excess of $340.00 monthly, his benefits shall be reduced as specified therein.

Section 203(f)(4) of the Social Security Act provides that an individual will be presumed with respect to any month to have rendered services for wages of more than the applicable exempt amount until it is shown to the satisfaction of the Secretary of Health and Human Services that such individual did not render such services in such month for the exempt amount.

Section 203(f)(5)(a) provides that "An individual's earnings for a taxable year shall be (i) the sum of his wages for services rendered in such year and his net earnings from self-employment for such year, minus (ii) any net loss from self-employment for such year."

The Act also places upon the Secretary the duty to ascertain whether or not the claimant is in fact receiving wages and self-employment income, if he is to determine the dollar amount thereof, and to pay him only such portion of his benefits, if any, as he is entitled after appropriate reductions have been made based upon his total wages and self-employment income.

Section 404.1041 of Social Security Regulations No. 4 provides that no matter what a certain income is called, it will be considered wages if it is remuneration paid for employment and that the way it is paid is unimportant. Wages may be paid on the basis of piece work, percentage of the profits, or on an hourly, daily, weekly, monthly, or yearly basis.

Section 404.2082 provides that rentals from real estate and for personal property leased with the real estate are considered net earnings from self-employment, if the owner or the lessee of the land materially participates in the production or management of the production of agriculture or horticulture commodities.

The only issue before the court in this action is whether the final decision of the Secretary is supported by substantial evidence.

Plaintiff, who was born on December 11, 1917, was 64 years old at the time of his alleged retirement. Prior to April 1, 1981 the alleged retirement date, plaintiff was president of Holdeman Farms (Tr. 38). On his application for retirement insurance benefits, plaintiff estimated that his total earnings for 1981 would be $4080 in wages (Tr. 76). This is the maximum amount a person under age 65 could earn during 1981 without requiring some of his benefits to be deducted. If the plaintiff earns more than the set amount he may not receive Social Security benefits. See, 42 U.S.C. § 403(f) (1981).

Plaintiff contends that the entire amount of his earnings for 1981 was $4000.00 and therefore his retirement benefits are not subject to deduction because of excess earnings. However, he does not contend that this is the entire amount of his income and in fact has submitted documents showing that beginning March 1, 1981, he receives "rent" from the Corporation in exchange for the Corporation's use of plaintiff's real estate consisting of 128 acres of tillable land (Tr. 86–89). He also receives $19,000.00 a year from his son in exchange for 100 shares of stock in Holdeman Farms Incorporated (Tr. 174–176).

Ordinarily, income from rents of land and sale of stock are considered investment income and not earnings from work. 42 U.S.C. § 411(a)(1). However, where as here the owner "materially participates" in the production of agricultural commodities, net earnings on rents of real estate must be included in computing net earnings from self-employment. 20 C.F.R. § 404.1082 (1982); *McCormick v. Richardson,* 460 F.2d 783 (10th Cir.1972). Furthermore, the Secretary has authority to investigate the *bona fides* of transactions of closely held family corporations which appear designed to qualify an individual for social security benefits, while in fact preserving the *status quo ante. Rubenstein v. Celebrezze,* 247 F.Supp. 927 (E.D.Mo.1965). In this case, plaintiff testified that his wages were arbitrarily set to meet the requirements of the Social Security Act (Tr. 99). Therefore, the Secretary was justified in piercing the corporate veil to make sure that plaintiff's net earnings were computed correctly. *Gardner v. Hall,* 366 F.2d 132 (10th Cir.1966).

For purposes of determining whether plaintiff is entitled to old-age benefits under the Social Security Act, the fact that transfer of plaintiff's business appears on paper to be within the letter of the statutes as to eligibility, is not *per se* dispositive of the issue of continued self-employment. *Runey v. Richardson,* 357 F.Supp. 482 (D.S.C.1972). In this case, the transfer

of plaintiff's business seems to be legally sound. However, he testified that he continues to work 30–35 hours a week on the farm (Tr. 47). Among criteria to be considered in determining whether the retirement of a Social Security plaintiff has occurred are decrease in time which an individual spent on the premises, the amount of work actually performed after alleged retirement, and whether another employee was hired to perform some of the work no longer done by plaintiff. *Hellberg v. Celebrezze,* 245 F.Supp. 390 (W.D.Mo.1965).

 Plaintiff puts in 140 hours a month on the farm. The Secretary has established a presumption that a wage earner who devotes more than 45 hours a month to a trade or business is engaging in substantial employment. 20 C.F.R. § 404.447(a)(2) (1982); *Gordon v. Finch,* 437 F.2d 253, 255 (8th Cir.1971). Plaintiff also testified that there is a hired hand who works on the farm (Tr. 68). However, there has always been a hired hand there, so it does not appear that he was hired solely to perform work no longer done by plaintiff.

In *Holden v. Califano,* 641 F.2d 405 (6th Cir.1981), the Court held that a wage earner was not "retired" for purposes of determining his eligibility for benefits, although the wage earner had cut back his work load at the hardware store which he had transferred to his wife, where the wage earner still worked 80 to 100 hours per month at the store after he transferred the store to his wife and the wage earner performed valuable managerial services for the store on a regular basis. That case is substantially similar to this one. Plaintiff worked 140 hours a month on the farm after he transferred it to his son. Therefore, he is not entitled to benefits because he is rendering "substantial services" to a trade or business, contrary to 42 U.S.C. § 403(f).

Based on the above discussion the ALJ was justified in determining that plaintiff's earning for 1981 were $4000.00 in wages that were paid him, plus the $12,000.00, cash rental which was paid to him by the Corporation. Therefore, since plaintiff's net earnings in 1981 exceed the maximum amount a person under age 65 can earn, he is not entitled to benefits for the year 1981.

The Secretary's decision denying benefits under the Act is supported by substantial evidence in this record and defendant's motion for summary judgment is GRANTED.