Towson PRICE, Plaintiff-Appellant,

v.

Arthur S. FLEMMING, Secretary of
Health, Education and Welfare,
Defendant-Appellee,
and
Westinghouse Electric Corp., a corpora-
tion, Defendant.

No. 12920.

United States Court of Appeals
Third Circuit.

Argued Nov. 4, 1959.

Decided July 27, 1960.

Rehearing Denied Oct. 12, 1960.

Towson Price, Montclair, N. J., for appellant.

Leonard Sarner, Philadelphia, Pa., amicus curiae.

William E. Sellinger, Asst. U. S. Atty., Newark, N. J. (Chester A. Weidenburner, U. S. Atty., Newark, N. J., on the brief), for appellee.

Before McLAUGHLIN, KALODNER and HASTIE, Circuit Judges.

McLAUGHLIN, Circuit Judge.

Decision in this case was reserved pending the filing by the Supreme Court of the United States of its opinion in Flemming, Secretary, etc. v. Nestor, 80 S.Ct. 1367. The latter was filed June 20, 1960.

Appellant is a lawyer. Up until July 1, 1954 he was employed by Westinghouse Electric Corporation. On that date having reached the age of sixty-five he was retired. He then filed an application for Old Age Insurance benefits with the Bureau of Old Age and Survivors Insurance of the Social Security Administration. On July 10, 1954 he was allowed monthly benefits of $85 which as of September 1954 were increased to $98.50. Up to January 1, 1955, a self-employed lawyer's income from the practice of his profession was neither covered by the Social Security Act[1] or deductible from benefits otherwise payable under it.[2] In 1954 Section 403(b)(1)

of the Act was amended to read:

"(b) Deductions, in such amounts and at such time or times as the Secretary shall determine, shall be made from any payment or payments under this title to which an individual is entitled, until the total of such deductions equals such individual's benefit or benefits under section 202 for any month—

"(1) in which such individual is under the age of seventy-two and for which month he is charged *with any earnings*[3] under the provision of subsection (e) of this section; * * *" (Emphasis supplied.)

Under a new paragraph 4 Subsection (e) of Section 403, the method of determining an individual's earnings for a taxable year was set out in subparagraph (A) as " * * * his net earnings from self-employment for such year, minus (ii) any net loss from self-employment for such year." Subparagraph (B) provides:

"In determining an individual's net earnings from self-employment * * * for purposes of subparagraph (A) of this paragraph * * * the provisions of section 411 of this title, other than paragraphs (1), (4) and (5) of subsection (c) of this section, shall be applicable; * * *."

Paragraph (5) of subsection (c) here designated as not applicable in determining earnings is: "The performance of service by an individual in the exercise of his profession as a * * * lawyer * * *." While the manner arrived at could have been more precise we think that excluding income as a lawyer from application in determination of net earnings from self-employment forces the

---

1. 42 U.S.C.A. § 411(a) (c) (1952).

2. 42 U.S.C.A. § 403 (1952).

3. That there are no exceptions to this is evident from Conference Report 2679, 1954, U.S.Code Cong. and Admin.News, Vol. 111, p. 3811, which reads:

"The House bill, in combining wages and net earnings from self-employment as 'earnings' for retirement test purposes, included earnings derived from non-covered employment within the United States as well as net earnings from self-employment derived from certain non-covered trades and businesses. The Senate amendment provided that only earnings arising from covered employment and self-employment shall be included in 'earnings' for retirement test purposes. * * * The Senate recedes."

inclusion of that income for purposes of deductions from benefits.

In 1955 in order to supplement the small pension and benefits he was receiving, appellant practiced law, first in the office of a friend or at home. On June 1 of that year he opened his own law office. Appellant claimed that six months of 1955 were "lean months with practically no earnings." However, in his report of earnings for 1955 conceded that his earnings that year exceeded $2,080. Because of this the Bureau determined that appellant's benefits for 1955 should have been withheld and looked to him for a refund of the $1,182 benefits paid him during that year.

The Referee found that appellant's legal services "were carried on generally throughout each month of 1955 and during the major part of the usual working time of an attorney, except for vacation periods or periods of illness." The Referee concluded that the 1954 Amendments to the Act covered plaintiff's situation. He further held that under Section 203(e) (3) (B) of the Act the statutory term "substantial services" rendered by an individual engaged in self-employment "means work and activity in the prosecution of a profession and that it is not measured by the amount of remuneration received during a period."

The Office of Appeals Council of the Bureau denied appellant's request for review. Appellant then brought this suit for declaratory judgment in the district court against the Secretary of Health, Education and Welfare. The latter moved for summary judgment. This was allowed by the court. Later the order was amended in minor detail and the original summary judgment affirmed.

Appellant urges that as of July 1, 1954 when his Social Security payments started he, having complied with the requirements of the statute and having been awarded benefits, had a vested right to receive those benefits. He protests that his right cannot be retroactively wiped out without violating the Fifth Amendment and without impairing the obligation of a contract. The argument, sincerely and carefully made, relied to a large extent upon Nestor v. Folsom, D.C. D.C.1959, 169 F.Supp. 922. That decision concerned the suspension of Nestor's Social Security benefits because of past membership in the Communist party. The district court held that the right of the wage-earner to the primary benefit was a property right and enforceable despite the fact that the 1954 Amendments to the Social Security Act expressly authorized suspension in the particular circumstances. The Secretary appealed that decision directly to the Supreme Court. In the latter's opinion, just rendered as above stated, the Court held:

"We think that the District Court erred in holding that § 202(n) deprived appellee of an 'accrued property right.' 169 F.Supp. at page 934. Appellee's right to Social Security benefits cannot properly be considered to have been of that order."

And further:

"We must conclude that a person covered by the Act has not such a right in benefit payments as would make every defeasance of 'accrued' interests violative of the Due Process Clause of the Fifth Amendment."

The Court also held that:

"The interest of a covered employee under the Act is of sufficient substance to fall within the protection from arbitrary governmental action afforded by the Due Process Clause. * * * Particularly when we deal with a withholding of a noncontractual benefit under a social welfare program such as this, we must recognize that the Due Process Clause can be thought to interpose a bar only if the statute manifests a patently arbitrary classification, utterly lacking in rational justification."

 It is the fact that Nestor, as stressed by both appellant and the amicus curiae, was not eligible for benefits

under the Act until after the statute covering deportation because of past Communist membership became effective. Nestor, states appellant, therefore had no accrued property right. But the Supreme Court did not decide Nestor on that narrow ground. It expressly rejects the concept of accrued property rights as being a part of the Social Security System. It describes in terms certain the identical benefit with which we are dealing as "a noncontractual benefit under a social welfare program." Its clear mandate leaves to us only the determination of whether the inclusion of practice of law income in deductions from Social Security benefits by the 1954 Amendments "manifests a patently arbitrary classification, utterly lacking in rational justification." And with the 1954 Amendment including all income without any exception in the deductions for benefits under the Act, it is not possible to reasonably suggest that the Congressional decision abolishing preferential treatment for lawyers in this statute is "a patently arbitrary classification, utterly lacking in rational justification."

■■ Appellant also urges that he should not lose benefits during months in which he earned no more than the amount permitted by the statute. This concerns particularly the six months in 1955 when appellant's earnings from his law practice were less than $80 a month. Section 403(e) (2) (D) provides that no deductions should be charged to any month "In which such individual did not engage in self-employment and did not render services for wages * * * of more than $80." And Subsection 403(e) (3) (B) reads:

"For purposes of clause (D) of paragraph (2) * * *

"(i) An individual will be presumed, with respect to any month, to have been engaged in self-employment in such month until it is shown to the satisfaction of the Secretary that such individual rendered no substantial services in such month with respect to any trade or business the net income or loss of which is includable in computing (as provided in paragraph (4) of this subsection) his net earnings or net loss from self-employment for any taxable year. The Secretary shall by regulations prescribe the methods and criteria for determining whether or not an individual has rendered substantial services with respect to any trade or business."

Appellant applies the wage test to his self-employment, contrary to the above quoted Act language as construed by the pertinent regulation thereto, Reg. 4 Sec. 404.416; 20 C.F.R. 404.416. We think the latter construction sound i. e. that the amount of money earned per month is not at all determinative whether an individual is self-employed. And we agree with the Referee that the "substantial services" rendered by a self-employed individual are not measured by the amount of remuneration received during a period but rather means "work and activity in the prosecution of a profession."

The other points presented by appellant have been examined. They need no discussion.

The summary judgment of the district court will be affirmed.