Mae POSS, Appellant,

v.

Abraham RIBICOFF, Secretary of Health, Education, and Welfare, Appellee.

No. 280, Docket 26537.

United States Court of Appeals
Second Circuit.

Argued Feb. 21, 1961.

Decided April 3, 1961.

Rehearing Denied May 1, 1961.

Jacob M. Poss, New York City, for appellant.

Malvern Hill, Jr., Asst. U. S. Atty., Eastern District of New York, Brooklyn, N. Y. (Cornelius W. Wickersham, Jr., U. S. Atty., E. D. N. Y., Brooklyn, N. Y., on the brief), for appellee.

Before HINCKS and MOORE, Circuit Judges, and BRENNAN, District Judge.*

PER CURIAM.

Alsam Holding Company and Howard Funding Company each own a parcel of realty. A "moving spirit" in both was Jacob Poss, appellant's husband and attorney. For many years Jacob Poss had served as Secretary of the two corpora-

* Sitting by designation.

tions: he and his brother had each a one-half interest in Alsam and a one-third interest in Howard. Appellant, Jacob's wife, had performed stenographic and typing services for these corporations, but without remuneration until 1953: thereafter she was paid $600 per year. Effective July 1, 1956, Jacob Poss resigned as Secretary of the two corporations and appellant was designated in his place to serve at a salary of $4,200 per year. Thereafter, Jacob's corporate activities continued much as before: his wife signed a few corporate documents as Secretary—something apparently she had not done before. Before and after July 1, 1956, there was evidence that the combined receipts from the two corporations of the claimant (appellant) and her husband equalled the receipts of Jacob's brother; and before as well as after, the payments made nominally to the claimant were deposited in a joint bank account which she maintained with her husband.

After a hearing before a Referee of the Social Security Administration of the Department of Health, Education, and Welfare, the Referee determined that the only "wages" paid to appellant during the disputed years 1956 and 1957 were $600 in 1956 and $300 in the first two quarters of 1957 paid by Alsam. He found as a fact that any additional moneys nominally paid her either by Alsam or Howard were not wages paid her for her services, if any, as Secretary or for past services, but were in fact wages paid through her to her husband who "continued as a 'moving spirit' in the operations of the corporation and as 'Secretary.'" Thereafter, the Appeals Council denied appellant's request for a review of these findings and the Referee's decision thereby became the final decision of the appellee's predecessor in office.

Appellant then brought this action pursuant to 42 U.S.C.A. § 405(g) to review that decision. Judge Abruzzo in a considered opinion granted the appellee's motion for summary judgment and dismissed the complaint.

The appellant argues that the appellee has no right to inquire into the *bona fides* of her appointment as Secretary or the value of her services as a stenographer. But the money benefits to which a wage earner (not receiving disability benefits) is entitled under 42 U.S.C.A. § 402(a) are computed by one of various formulae prescribed by 42 U.S.C.A. § 415(a), each of which is dependent on "wages." Thus it was necessary for the Secretary or his delegate to determine what part of the payments nominally made to the appellant were paid as "wages." On this issue, the *bona fides* of the appellant's appointment as Secretary and the actual nature, extent and value of her services were relevant. And we agree with Judge Abruzzo that the appellee's findings of fact and the inferences to be drawn therefrom are supported by substantial evidence and are therefore conclusive under 42 U.S.C.A. § 405 (b). Adams v. Flemming, 2 Cir., 276 F.2d 901, 903.

Affirmed.

On Petition for Rehearing

PER CURIAM.

We cannot agree that the appellant was given inadequate opportunity to present her appeal. In addition to oral argument, she filed a brief of 54 pages and a reply brief of 22 pages both of which were carefully considered by the court.

We do not recede from our holding of April 3, 1961 that the findings of the referee embodied in the final decision of the appellee were in all respects in accordance with the law and the facts. The cases cited by appellant, Flemming v. Lindgren, 9 Cir., 275 F.2d 596; Sipperley v. Federal Security Administrator, D. C., 77 F.Supp. 112; Amidon v. Flemming, 1 Cir., 285 F.2d 718; Stark v. Flemming, 9 Cir., 283 F.2d 410; and Kerner v. Flemming, 2 Cir., 283 F.2d 916, are not pertinent to the situation here. It does not appear that the appellant was not given a full opportunity to present all her evidence to the administrative referee or

indeed that she now has evidence which would require a change in his findings. Nothing in our opinion precludes appellant, if so advised, from claiming from the Internal Revenue Service a refund of any overpayment of Social Security taxes.

Petition denied.