Irwin J. DAVIS

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare.

Civ. No. 3474.

United States District Court
D. Vermont.

May 21, 1963.

Black & Plante, White River Junction, Vt., for plaintiff.

Joseph F. Radigan, U. S. Atty., Rutland, Vt., for defendant.

GIBSON, District Judge.

The Plaintiff, Irwin J. Davis, of White River Junction, Vermont, is appealing from a decision of the Hearing Examiner of the Department of Health, Education and Welfare. By decision of the Hearing Examiner, the Plaintiff was denied Old-Age Insurance Benefits for the year 1960. This Court has jurisdiction to hear the appeal under Section 205(g) of the Social Security Act. U.S.C.A. Tit. 42, Sec. 405(g). The Defendant has moved for summary judgment pursuant to Rule 56(b).

Prior to 1960, the Plaintiff was the operator and majority stockholder of the I. J. Davis Agencies, Inc. He had operated the business for 28 years. In 1959, the Plaintiff's salary was about $10,400.-00. In December of 1959, the Plaintiff transferred his stock in the agency to his wife. At that time the Plaintiff resigned as President but continued to work twenty to twenty-five hours a week for a salary of $23.00 a week. His total wages for 1960, therefore, were $1,196.-00. This salary was $4.00 less than the maximum allowed before a work-deduction would be taken against his benefits. U.S.C.A. Tit. 42, Sec. 403. The Plaintiff's wife took over the management of the business in 1960. In 1959, she had received $100.00 per week for work in the office. Her salary increased to $15,600.00 for the year 1960. On September 29, 1961, the Hearing Examiner found: that the decrease in the Plaintiff's salary bore no relationship to the value of services which the Plaintiff continued to render; that the increase in the salary of the Plaintiff's wife was not commensurate with her additional services; that the Plaintiff continues to derive personal benefit indirectly from the company which he previously received directly from the business; and that the actual salary of the Plaintiff, received directly from the business and indirectly through his wife, is at least equal to an amount which would deny the Plaintiff any benefits for 1960. Therefore, the Plaintiff was denied payments. He is appealing this determination.

█ The findings of the Hearing Examiner must be upheld if they are based on substantial evidence. U.S.C.A. Tit. 42, Sec. 405(g); Poss v. Ribicoff, 289 F. 2d 10 (2nd Cir.1961).

█ The fact that the income arrangement of the Plaintiff and his wife appears on paper to be within the letter of the statutes is not determinative. The Secretary or his delegate has the authority under the statutes to determine the portion of income which is actually wages due to services rendered and the burden is on the claimant to prove otherwise. U.S.C.A. Tit. 42, Sec. 403, Poss v. Ribicoff, 289 F.2d 10 (2d Cir.1961). The Secretary or his delegate also has the power to determine the *bona fides* of an income distribution arrangement of a business such as is presented here. Stavropoulos v. Ribicoff, C.C.H.U.I.R. Fed. Vol. 1, par. 14,251 (D.C.S.D.N.Y.1962); Cf. Poss v. Ribicoff, 289 F.2d 10 (2d Cir. 1961).

█ The findings of the Hearing Examiner are based on susbtantial evidence. The Plaintiff testified he worked from 20 to 25 hours per week. The Plaintiff's salary was around $200 per week in 1959. His salary for 1960 was $23 per week. The salary of the Plaintiff's wife jumped from about $100 per week in 1959 to about $300 per week in 1960. The findings of the Hearing Examiner that the Plaintiff in reality rendered services and received compensation in 1960 well in excess of $23 per week is well founded.

█ Subsequent to the Hearing Examiner's decision, and while this motion

for summary judgment was being considered, the Plaintiff received Federal Old Age benefits for the year 1962. The Plaintiff asserts this estops the Defendant from denying liability for 1960. Whether or not such action might constitute estoppel need not be decided. The Defendant is a Federal Agency and cannot be estopped by such action of its agents. Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10 (1947).

Therefore, it is hereby Ordered that the Defendant's motion for Summary Judgment be and hereby is granted.