Albert M. NASSER, Plaintiff,

v.

SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE,
Defendant.

No. 73 C 1451.

United States District Court,
E. D. New York.

Jan. 29, 1975.

Carman, Callahan & Carman by Gregory W Carman, Farmingdale, N. Y., for plaintiff.

David G. Trager, U. S. Atty., E.D.N. Y., by George H. Weller, Asst. U. S. Atty., Brooklyn, N. Y., for defendant.

## MEMORANDUM OF DECISION AND ORDER

NEAHER, District Judge.

This is a timely action to review a final decision of the defendant Secretary of Health, Education and Welfare ("Secretary"), denying plaintiff the monthly Social Security retirement insurance payments to which he would otherwise be entitled as a retired person. 42 U.S. C. § 405(g). Defendant has moved for judgment on the pleadings dismissing the action, contending that plaintiff's post-retirement activity and receipt of fees as an elected water commissioner in the Town of Oyster Bay, Nassau County, made him ineligible for such benefits.

The factual context is undisputed and may be concisely stated. Plaintiff was employed by Grumman Aircraft Corporation ("Grumman"), Bethpage, Long Island, from June 11, 1941 until his retirement on June 11, 1971, at the age of 62. Prior to retirement plaintiff had attained the position of assistant plant manager in charge of production for Grumman, although his formal education included but one year of high school. In addition to that employment, plaintiff had also served for approximately the last 20 years as one of three elected water commissioners of the South Farmingdale Water District in his home community on Long Island. As a water commissioner, plaintiff received a fee, presently $40, for each meeting he attended. These meetings are held during the evenings, average two per week and last from one-half hour to three and one-half hours per meeting.

Following his retirement, plaintiff continued to serve his current term as a water commissioner and received meet-

ing fees in that capacity totalling $5,040 in 1971 and $6,520 in 1972.[1] There is no question that the amount of time plaintiff devoted to such meetings was in excess of 15 hours per month but substantially less than 45 hours.

After he had retired from Grumman, plaintiff filed an application for retirement insurance compensation with the local office of the Social Security Administration. On November 23, 1971, a Certificate of Award was issued informing plaintiff that although his monthly compensation payment was fixed at the sum of $170.50, he was not entitled to such benefits in 1971 and probably would continue to be ineligible throughout 1972 because of his continued income from fees earned as a water commissioner (Tr. 70). This decision was adhered to on reconsideration on June 13, 1972. On March 28, 1973, a hearing was conducted before an administrative law judge, who held that, except for the months of February and March of 1972 (when plaintiff attended no water district meetings), plaintiff was not entitled to any retirement benefits (Tr. 6). The Appeals Council upheld that decision on August 15, 1973, thus making it the final decision of the Secretary (Tr. 3).

### I.

In denying payment of benefits in this case, the Secretary adopted findings of the administrative law judge that plaintiff was "an engineer" who performed "highly skilled" services as a water commissioner.[2] On that basis the conclusion was reached that plaintiff's benefits were subject to work deductions under the Secretary's regulations because "substantial services" were rendered for 15 or more hours a month (Tr. 19).

Section 203 of the Social Security Act (Act), 42 U.S.C. § 403, provides for reductions in retirement insurance benefits if a claimant has earnings from wages or self-employment above a designated minimum. A principal purpose of the Act in requiring such reductions is to encourage actual retirement. Ludeking v. Finch, 421 F.2d 499, 503 (8 Cir. 1970). Under the statute

"[a]n individual will be presumed . . . to have been engaged in self-employment . . . until it is shown to the satisfaction of the Secretary that such individual rendered no substantial services in such month with respect to any trade or business . . . .. The Secretary shall by regulations prescribe the methods and criteria for determining whether or not

---

1. The $6,520 figure for 1972 reflects attendance at 163 meetings in 1972 or approximately three per week. While this apparently contradicts plaintiff's testimony of an average of two per week, he explained the discrepancy by pointing out that a new well project required extra meetings (Tr. 41). The project having been completed, the number of meetings would probably return to two per week (Tr. 54). (All "Tr." references are to the administrative record.)

 In any case, for the reasons hereinafter discussed, the court is of opinion that the number of meetings per week is of no significance to the determination of the questions presented here.

2. "A review of the evidence herein indicates that this claimant, an engineer for the Grumman Aerospace Corporation for about 30 years, and during the past 20 years has been a duly elected Water Com-

missioner for the South Farmingdale Water District. In this last position as Water Commissioner he has attended meetings, of which he is chairman, with his co-commissioners twice a week, sometimes three times a week, with their duties being setting policy and water rates, what new equipment should be purchased, discuss engineering requirements with engineers of the department for health and other standards, determine work hours for all employees of the Water District, handle reports from superintendents of the District, reply to complaints and from time to time inspect all water sites and wells; and, by his own admission spends approximately 20 hours a month in these duties. From the claimant's description of such duties, the undersigned must conclude that the claimant as Water Commissioner is engaged in an enterprise which must be considered highly skilled . . . . " (Tr. 18–19.)

an individual has rendered substantial services with respect to any trade or business." 42 U.S.C. § 403(f)(4)(A).

The Secretary's relevant regulations, 20 C.F.R. §§ 404.446–404.447, recognize that not all compensable activity must cease in order for a person to be considered retired and eligible for retirement benefits.

> "Even though an individual performs some services in a trade or business in a month, such services are not substantial where the evidence establishes

to the satisfaction of the Administration that the individual may reasonably be considered retired in that month." § 404.446(a).

■ Seven factors are specified in § 404.446 as criteria for determining whether a retiree has or has not performed "substantial services" which subject his benefits to reductions.[3] The evaluation of those factors is spelled out in some detail in § 404.447, pertinent portions of which are noted in the margin.[4] In neither regulation is the

---

3. "§ 404.446 Definition of 'substantial services.'

"(a) *General.* In general, the substantial services test is one of whether, in view of all the services rendered by the individual and the surrounding circumstances, the individual can reasonably be considered retired in the month in question. . . . In determining whether an individual has or has not performed substantial services in any month, the following factors are considered:

"(1) The amount of time the individual devoted to all trades and businesses;

"(2) The nature of the services rendered by the individual;

"(3) The extent and nature of the activity performed by the individual before he allegedly retired as compared with that performed thereafter;

"(4) The presence or absence of an adequately qualified paid manager, partner, or family member who manages the business;

"(5) The type of business establishment involved;

"(6) The amount of capital invested in the trade or business; and

"(7) The seasonal nature of the trade or business." (20 C.F.R. § 404.446(a).)

4. "§ 404.447 Evaluation of factors involved in substantial services test.

"In determining whether an individual's services are substantial, consideration is given to the following factors:

"(a) *Amount of time devoted to trades or businesses.* Consideration is first given to the amount of time the self-employed individual devotes to all trades or businesses

. . . . .

"(1) *Forty-five hours or less in a month devoted to trade or business.* Where the individual establishes that the time devoted to his trades and businesses during a calendar month was not more than 45 hours, the individual's services in that month are not considered substantial unless other factors (see paragraphs (b), (c), and (d) of this section), make such a finding unreasonable.

For example, an individual who worked only 15 hours in a month might nevertheless be found to have rendered substantial services if he was managing a sizeable business or engaging in a highly skilled occupation. However, the services of less than 15 hours rendered in all trades and businesses during a calendar month are not substantial.

\* \* \* \* \*

"(b) *Nature of services rendered.* Consideration is also given to the nature of the services rendered by the individual in any case where a finding that the individual was retired would be unreasonable if based on time alone (see paragraph (a) of this section). The more highly skilled and valuable his services in self-employment are, the more likely the individual rendering such services could not reasonably be considered retired. The performance of services regularly also tends to show that the individual has not retired. Services are considered in relation to the technical and management needs of the business in which they are rendered. Thus, skilled services of a managerial or technical nature may be so important to the conduct of a sizeable business that such services would be substantial even though the time required to render the services is considerably less than 45 hours.

"(c) *Comparison of services rendered before and after retirement.* Where consideration of the amount of time devoted to a trade or business (see paragraph (a) of this section) and the nature of services rendered (see paragraph (b) of this section) is not sufficient to establish whether an individual's services were substantial, consideration is given to the extent and nature of the services rendered by the individual before his 'retirement,' as compared with the services performed during the period in question. A significant reduction in the amount or importance of services rendered in the business tends to show that the individual is retired; absence of such reduction tends to show that the individual is not retired.

amount or rate of compensation a factor in determining the substantiality of services rendered. Indeed, the amount of money earned has been held irrelevant. Price v. Fleming, 280 F.2d 956, 959 (3 Cir. 1960).

The principal objective criterion is the amount of time devoted to the compensated activity. Services of any nature of less than 15 hours in any month are not "substantial" under § 404.447(a)(1), n. 4 *supra*. And services performed for as much as 45 hours per month are not substantial unless of such a "highly skilled and valuable" nature that a claimant "could not reasonably be considered retired", § 404.447(b), n. 4 *supra*. As exemplified in the regulation, services of that exceptional nature would be "managing a sizeable business or engaging in a highly skilled occupation." § 404.447(a)(1) and (b), n. 4 *supra*.

 Although questions exist as to the factual basis for the Secretary's findings, the real question in the case is whether plaintiff's admitted activities as a water commissioner were properly found to be "skilled services of a managerial or technical nature" under § 404.-447(b) so as to constitute "substantial services" within the meaning of the Act, 42 U.S.C. § 403. In its reviewing role, this court may not retry the case *de novo*. Covo v. Gardner, 314 F.Supp. 894 (S.D.N.Y.1970). The Secretary's findings as to any fact, whether evidentiary or ultimate, are conclusive if supported by substantial evidence. Section 205(g), 42 U.S.C. § 405(g); Weir v. Richardson, 343 F.Supp. 353, 355 (S.D.Iowa 1972); Young v. Gardner, 259 F.Supp. 528, 531 (S.D.N.Y.1966). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420,

28 L.Ed.2d 842 (1971); Consolo v. Federal Maritime Comm'n, 383 U.S. 607, 619–620, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1956); Universal Camera Corp. v. NLRB, 340 U.S. 474, 477–487, 71 S.Ct. 456, 95 L.Ed. 456 (1951); NLRB v. Columbian Enameling & Stamping Co., 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939).

 Nevertheless, even if the Secretary's factual findings are supported by substantial evidence, his ultimate decision may not stand if an improper legal standard was applied. McCarty v. Richardson, 459 F.2d 3 (5 Cir. 1972); Knox v. Finch, 427 F.2d 919, 920 (5 Cir. 1970); Allen v. Richardson, 366 F.Supp. 516, 519 (E.D.Mich.1973). As the Supreme Court has instructed:

> "Reviewing courts are not obliged to stand aside and rubber-stamp their affirmance of administrative decisions that they deem inconsistent with a statutory mandate or that frustrate the congressional policy underlying a statute. Such review is always properly within the judicial province, and courts would abdicate their responsibility if they did not fully review such administrative decisions." National Labor Relations Board v. Brown, 380 U.S. 278, 291–292, 85 S.Ct. 980, 988, 13 L.Ed.2d 839 (1965).

## II.

Here, the Secretary has found that plaintiff is an engineer, that he is engaged in a highly skilled enterprise as a water commissioner, that he works 20 hours per month, and that consequently he fits within the disqualifying language of 20 C.F.R. § 404.447(a)(1), n. 4 *supra*.

 The finding that plaintiff is an "engineer" must fall for lack of any supporting evidence, let alone substantial

"(d) *Setting in which services performed.* Where consideration of the factors described in paragraphs (a), (b), and (c) of this section is not sufficient to establish that an individual's services in self-employment were or were not substantial, all other factors are considered. The presence or absence of a capable manager, the kind and size of the business, the amount of capital invested and whether the business is seasonal, as well as any other pertinent factors, are considered in determining whether the individual's services are such that he can reasonably be considered retired." (20 C.F.R. § 404.447.)

evidence. The determination that plaintiff's services as water commissioner are of a "highly skilled" nature results from too narrow an interpretation of the statute in direct violation of the principle that social security legislation is. to be liberally construed in favor of coverage. Herbst v. Finch, 473 F.2d 771, 774–775 (2 Cir. 1972);[5] Steele v. Richardson, 472 F.2d 49, 53 (2 Cir. 1972); Gold v. Secretary of Health, Education and Welfare, 463 F.2d 38, 41 (2 Cir. 1972); Haberman v. Finch, 418 F.2d 664, 666 (2 Cir. 1969).

█ There is certainly no proof in the record that plaintiff studied engineering or is skilled in the application of any of its techniques.[6] The evidence indicates at most that when plaintiff worked at Grumman, he had only peripheral contact with engineers.

"[W]hen I retired I was . . . assistant flight [*sic*] [7] manager and in charge of all production in that plant . . . which . . . at one time had 2700 people. *They did not come directly under me, all of them. The engineers and so on.* But they did answer to us. They were of service to us." (Tr. 43; emphasis supplied.)

Although plaintiff had risen to a position where he was responsible for production in one of Grumman's plants, his position is not shown to have involved technical engineering skills. Nor is there any proof that plaintiff's activities as a water commissioner require familiarity with engineering. In fact, his duties as a water commissioner, as described by the administrative law judge, n. 2 *supra*, appear to be merely of a general supervisory nature, with setting policy and water rates as a primary function.

If the 15-hour per month exclusionary rule is viewed as a lower extreme to be applied only to highly skilled professionals and managers of large enterprises, whose work is both technical and demanding, one can readily appreciate the impropriety of placing this plaintiff within the ambit of such a rule. The anomaly becomes all the more apparent when viewed in light of the statutory qualifications and functions of a water commissioner under New York's somewhat anachronistic Town Law, of which the court takes judicial notice. Under Town Law, McKinney's Consol.Laws, c. 62, § 211 anyone old enough to vote in a general election who resides within the water district is eligible for election to the office of water commissioner. No special skills, experience or other qualifications are required by law.

The South Farmingdale Water District is but one of a wide variety of special improvement districts organized and functioning under Article 12 of the Town Law. Such districts are created on petition of property owners or town boards in order to provide essential services of water supply, sewage disposal, garbage and refuse collection and other needs in outlying areas not serviced by cities or villages. Town Law §§ 190, 209. The special district concept was devised in order to finance and apportion the taxable cost of the improvements to the property owners locally benefitted. Town Law § 198. A special district commissioner, such as plaintiff, serves with his two co-commissioners as the elected representatives of the resident property owners to perform such duties respecting the water district as the Town Board and the Town Law may authorize. Town Law §§ 212, 215.

---

5. Where the Court of Appeals reversed a summary judgment in favor of the Secretary, saying:

 "We . . . must determine whether the Act and regulations promulgated thereunder have been properly applied. And in so doing, we are mindful that '[t]he congressional policy underlying the federal social security legislation requires the courts to interpret the Act liberally, and any doubts should be resolved in favor of coverage.'

 Rasmussen v. Gardner, 374 F.2d 589, 594 (10 Cir. 1967)." 473 F.2d at 774–775.

6. In a letter sent to the Appeals Council, plaintiff's attorney stated that plaintiff completed only one year of high school (Tr. 5, 8).

7. In his brief filed in this court, plaintiff asserts that he was in fact the assistant *plant* manager and that the transcript is erroneous in this respect (Plaintiff's Brief at 3).

Those duties are akin to the functions of trustees. They include: to receive and hold taxes, water rates or rentals assessed, when specifically authorized by the elected Town Board, the full-time governing body of the Town; to audit and pay small claims against the district; to prepare maps and give notice of elections; to establish water rates; to account for moneys on hand and paid out; to prepare and file with the Town Clerk estimates of proposed expenditures and revenues; and to adopt resolutions prescribing how water connections shall be made. Town Law § 215.

Here, the record clearly demonstrates that the actual day-to-day management and operation of the water district is in the hands of a full-time, well-qualified manager and a full-time superintendent, each of whom is paid more than $17,000 a year. This reinforces the view that plaintiff is not engaged in a highly skilled part-time occupation in a managerial sense but simply functions in an overseer capacity to assure that the water district properly serves the taxpayers who elected him.

Judged against the manifest Congressional intent to exclude from retirement benefits only those individuals who are not in fact retired and to evaluate post-retirement activities liberally in favor of coverage, it is clear that the Secretary's application of the exclusionary "highly skilled" exception to this plaintiff was erroneous.[8] Accordingly, the Secretary's motion for judgment on the pleadings is denied.

### III.

While ordinarily a remand to the Secretary would be directed, the evidence in this case so clearly demonstrates that plaintiff is not performing "substantial services" within the meaning of the Act and the Secretary's regulations, that a remand would only needlessly delay plaintiff's receipt of benefits to which he is justly entitled. 42 U.S.C. § 405(g); see also Vitek v. Finch, 438 F.2d 1157, 1158 (4 Cir. 1971).

Certainly one of the most indicative tests of retirement is a comparison of the extent of an individual's activity before his "retirement" with that performed thereafter. The Secretary has recognized the importance of this factor by listing it as the third of the seven criteria in § 404.446.

Judging plaintiff's status as a "retiree" by this "before and after" test, one can readily observe how much the extent of his activity has diminished since his retirement. Prior to June 1971 plaintiff was working for Grumman five days a week from 7:30 a. m. until 4:00 p. m. and also occasionally on Saturdays (Tr. 42, 43). His position at Grumman was obviously his principal occupation. After June 1971, his only gainful activity was in connection with his office as a water commissioner, which involves essentially attending meetings only two to three evenings a week, sometimes for as little as a half-hour each, although some may have lasted two to three hours.

Plaintiff's effective work week has thus been reduced from approximately 46½ hours, including at most four hours of evening meetings, to only the evening meetings. The Secretary appeared to overlook this substantial reduction in plaintiff's overall activity.

Also overlooked here was the fourth factor, i. e., whether there is "an adequately qualified paid manager . . . who manages the business". § 404.-446(a)(4). The obvious purpose of that criterion is to determine whether the everyday burden of running the enterprise

---

**8.** The determination that limited post-retirement activity of the type here involved falls within the "highly skilled" category strongly suggests the need for a more precise definition of what is meant by skilled managerial or technical activity. It is common practice for pensions of corporate and industrial employees to be calculated on the basis of anticipated Social Security retirement benefits. If such benefits are to be denied on the basis of ad hoc adjudications applying vague standards following retirement, it is manifest that carefully calculated retirement plans may be endangered and early retirements discouraged.

rests upon the claimant. Here, the evidence clearly established that the water district is run by a full-time, well-qualified manager and a superintendent, each of whom is paid over $17,000 a year (Tr. 49–50).

Finally, § 404.447(d) provides that "any other pertinent factors" may be considered in determining whether a person is retired. Here, since leaving Grumman, plaintiff has devoted substantial amounts of time to personally renovating his house and taking trips, which begin on weekends and extend into the week (Tr. 47, 48–49)—further indications of his retiree status.

Applying the foregoing factors, the only finding a reasonable mind would accept as adequately based on relevant evidence and in conformity with Congressional intent is that plaintiff has retired within the meaning of the Act and is not rendering substantial services as a water commissioner since his retirement. Accordingly, the decision of the Secretary denying plaintiff monthly retirement benefits as fixed in the Certificate of Award is reversed.

So ordered.