**James E. BRYAN, Plaintiff,**

v.

**David MATHEWS, Secretary, Department of Health, Education and Welfare, Defendant.**

**Civ. A. No. 76–0602.**

United States District Court, District of Columbia.

Feb. 11, 1977.

---

41. *Natural Resources Defense Council v. Morton,* 148 U.S.App.D.C. 5, 458 F.2d 827 (1972).

Earl H. Douple, Jr., Washington, D.C., for plaintiff.

Diane Moskal, Special Asst. U.S. Atty., Washington, D.C., Ann DuRoss, Asst. U.S. Atty., Washington, D.C., was on the brief for defendant.

## MEMORANDUM

GASCH, District Judge.

Plaintiff, James E. Bryan, brings this action for review of a final decision of the Secretary of Health, Education and Welfare, that he was not entitled to receive retirement benefits under the Social Security Act (hereinafter "Act"), 42 U.S.C. § 401 *et seq.,* for the years 1971 through 1973 because he had received wages for services in excess of the amount permitted by section 203 of the Act, 42 U.S.C. § 403. This Court has jurisdiction over the matter pursuant to section 205(g) of the Act, 42 U.S.C. § 405(g), which empowers this Court to review a final decision of the Secretary and to ". : . enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." This matter is now before the Court on the parties' cross-motions for summary judgment.

Mr. Bryan filed his application for retirement benefits under section 202 of the Act, 42 U.S.C. § 402, on April 5, 1971.[1] The Social Security Administration (hereinafter "Administration") began paying Mr. Bryan such benefits, including certain retroactive payments, in September of 1971.[2] Thereafter, the Administration discontinued payment of plaintiff's retirement benefits effective September 1973 because it had determined that he had been receiving wages in excess of the allowable monthly limit

---

1. Tr. 72–75. Mr. Bryan, who was born on April 6, 1906, attained the age of 65 on April 6, 1971. *Id.*

2. In his initial application, Mr. Bryan reported that he would be earning wages in the first eight months of 1971 which would exceed the amount permitted by section 203 of the Act, 42 U.S.C. § 403. Tr. 74. The Administration notified Mr. Bryan by letter dated May 19, 1971 that he was eligible to receive retirement benefits under the Act, but that no payments would be made because he had indicated in his application that his earnings did and would exceed the allowable maximum. Tr. 115. By letter dated July 6, 1971, Mr. Bryan notified the Administration that he had not received his salary for the months of February through June of 1971 due to adverse business conditions. Tr. 99–100. Thereafter, a series of letters passed between the Administration and plaintiff concerning a dispute as to the amount of Mr. Bryan's benefits.

under section 203 of the Act, 42 U.S.C. § 403, for the period in question.[3] Section 203 provides for the deduction of certain wages earned by an individual from his retirement benefits under the Act.[4] Mr. Bryan protested this determination and requested reconsideration.[5]

The Administration rendered its reconsideration on March 14, 1974 in which it determined that Mr. Bryan had failed to establish that he had not earned wages in excess of the amounts provided by section 203 of the Act, 42 U.S.C. § 403, and was therefore precluded from receiving retirement benefits for the period in question, 1971 to 1973. This determination was based on what the Administration viewed as an unrealistic salary arrangement between plaintiff and his wife. The Administration also notified Mr. Bryan that, in accordance with this determination, he had been overpaid in the amount of $6,648.10 beginning with April 1, 1971.[6]

Mr. Bryan then requested a hearing which was held on May 7, 1975 before an Administrative Law Judge. The evidence before the Administrative Law Judge can be summarized as follows:

Mr. Bryan had been for many years the sole shareholder and president of a corporation which provided administrative and consulting services, primarily to medical societies. In 1970, the corporation suffered from business reverses, losing a portion of its clientele, and was obliged to separate its two executive employees.

In 1971, Mr. Bryan married his present wife, Helen Bryan. Prior to their marriage, Mrs. Bryan had been employed by the corporation on a part-time basis. In 1971, she became a full-time employee of the corporation assuming the duties of the departed executives, including bookkeeping, accounting, writing, and organizing duties. She was also made Vice President and Secretary of the corporation. During the period at issue, 1971 to 1973, Mrs. Bryan received an annual salary from the corporation ranging from about $20,000 to $24,000 per year, which apparently represented the entire net earnings of the corporation.

Subsequent to January 1971, and during the period in question, Mr. Bryan received no salary from the corporation. He admitted that during the period in question his duties did not materially change from those he had performed when he was receiving a salary and that he continued to perform substantial services for and was active in the corporation. Plaintiff also conceded that he controlled the corporation's salary arrangement and was responsible for the salary arrangement at issue.

Mr. Bryan and his wife maintained separate checking accounts. Mrs. Bryan's salary check was deposited into her account, and household expenses were also paid out of this account. Mrs. Bryan's salary was also used to make plaintiff's alimony payments to his former wife.

The Administrative Law Judge determined that the salary arrangement between plaintiff and his wife was only a pretext to enable plaintiff to receive retirement benefits and that at least 50 per cent of the income [7] must be reallocated to the plain-

---

3. Tr. 77–79. The Administration also noted that since Mr. Bryan had failed to furnish it with additional information it had requested, this determination was based on the evidence in his file. Tr. 79.

4. Section 203(b) of the Act, 42 U.S.C. § 403(b), provides for the deduction of certain wages and self-employment income from retirement benefits in accordance with a particular formula. The instant action concerns the deduction of wages, rather than self-employment income.

5. Tr. 122.

6. Tr. 89–91. Section 204 of the Act, 42 U.S.C. § 404, and the regulations promulgated thereunder, 20 C.F.R. §§ 404.506, 404.407 and 404.-509, provide for the recovery of overpayments under certain circumstances. The Administration notified Mr. Bryan on October 15, 1974 that the overpayment in his case would not be waived. Tr. 97.

7. It is unclear from the Administrative Law Judge's opinion whether he was referring to the corporation's net income or Mrs. Bryan's income. See Tr. 24. However, there is no practi-

tiff. The Administrative Law Judge further determined that, as a result of this reallocation, Mr. Bryan had earned wages which required a 100 per cent deduction of the retirement benefits paid to him and directed the plaintiff to repay the amount of the benefits previously paid to him.[8] The Appeals Council affirmed the Administrative Law Judge's decision on January 10, 1976.[9]

## MERITS

The Secretary, of course, has the authority in determining eligibility for retirement benefits under the Act to pierce fictitious family salary arrangements and to reallocate income from one family member to another when the salary arrangement is not in accord with reality. *See Weisenfeld v. Richardson,* 463 F.2d 670 (3rd Cir. 1972); *Gardner v. Hall,* 366 F.2d 132 (10th Cir. 1966); *Walker v. Richardson,* 339 F.Supp. 853 (D.Kan. 1971); *Koeller v. Finch,* 315 F.Supp. 533 (D.Kan. 1970); *Rubenstein v. Celebrezze,* 247 F.Supp. 927 (E.D.Mo. 1965); *see also Poss v. Ribicoff,* 289 F.2d 10 (2nd Cir.) *cert. denied,* 368 U.S. 902, 82 S.Ct. 178, 7 L.Ed.2d 96 (1961).[10] The Secretary's findings of fact in such matters are conclusive, if supported by substantial evidence. 42 U.S.C. § 405(g). However, where the reasons relied upon by the Secretary for his determination that a salary arrangement is fictitious and that an applicant for benefits is receiving wages indirectly are not valid or evidence does not

support such a finding, the Secretary's decision to reallocate income cannot stand. The principal questions presented here[11] are whether the reasons relied upon by the Secretary in support of his determination that the salary arrangement was fictitious and that Mr. Bryan was indirectly receiving wages are valid[12] and whether this decision was supported by substantial evidence.

The Administrative Law Judge made no finding that Mrs. Bryan's salary was excessive or not earned by her, and the reasonableness of her salary was not a factor in his decision. Instead the Administrative Law Judge relied on the following three factors: (1) Mr. Bryan was performing substantial services for the corporation whose value was greater than his remuneration and at least as great as the value of Mrs. Bryan's services; (2) Mrs. Bryan's salary was used to pay for household expenses and to satisfy Mr. Bryan's alimony obligations; and (3) Mr. Bryan controlled the corporation and its salary arrangements. He reasoned that:

> The Administrative Law Judge must find that the claimant continued to be employed during all the period he was receiving benefits, and that he was not retired, and that the allocation of the income to his wife was fiction and a device to enable the claimant to draw benefits. It is clear from the evidence that he continued to be supported by the business and that his alimony payments were paid through the business income,

cal difference between these two incomes in the instant case since Mrs. Bryan's income represented the corporation's net income.

8. Tr. 21–25.

9. Tr. 5.

10. This question has arisen primarily in two situations, one is where the person receiving the salary is not a bona fide employee of the corporation, as in *Folsom v. O'Neal,* 250 F.2d 946 (10th Cir. 1957), and the second is where there is a shifting of income from husband to wife as in *Poss v. Ribicoff,* 289 F.2d 10 (2nd Cir. 1961).

11. The plaintiff also contends that the Secretary improperly placed the burden on him to

establish that he was not receiving wages in excess of the permissible amount. In light of this Court's disposition of this action, the Court does not reach this question.

12. This Circuit has not yet addressed the question as to the proper legal standard to be applied by the Secretary in reaching the determination respecting an applicant's entitlement to retirement benefits, whether a salary arrangement is fictitious and an applicant for retirement benefits is receiving indirectly wages for his services.

as were all household expenses, and the fact that the income was paid through his wife, Helen Bryan, cannot be used as a pretext for obtaining retirement benefits. This is a wholly owned corporation, and the income thereof can be allocated as Mr. Bryan desires. Whatever the worth of Mrs. Bryan's services, for the purpose of this proceeding, there must be at least a 50 per cent allocation of the income to Mr. Bryan, and it must be found that he was receiving each month an amount of money which required 100 per cent deduction of the benefits paid to him. Tr. 24.

These reasons do not warrant the conclusion that the salary arrangement between Mr. and Mrs. Bryan was fictitious, or that Mr. Bryan was receiving wages for his services, and the reallocation of income in the instant case.

Where, as here, the Secretary seeks to attribute wages to an applicant for retirement benefits by reallocating income actually paid by the applicant's corporation to another person to the applicant, this salary arrangement must be a fictitious or unrealistic one.[13] The fact that Mr. Bryan was performing substantial services for the corporation without remuneration, which services were worth at least as much as those performed by Mrs. Bryan, does not warrant a finding that the salary arrangement was fictitious or justify attributing a portion of the corporation's or Mrs. Bryan's income to him.[14] Mr. Bryan was free to provide significant or substantial services to his corporation without jeopardizing his entitlement to retirement benefits, as long as he did not receive remuneration therefor, either directly or indirectly. *Gardner v. Hall, supra; Koeller v. Finch, supra.*

The fact that Mrs. Bryan's salary was used to pay household expenses and satisfy

Mr. Bryan's alimony obligation does not, without more, warrant a conclusion that Mr. Bryan was receiving wages indirectly through Mrs. Bryan's income or that the salary arrangement was fictitious. As long as Mrs. Bryan's salary was not unreasonable in light of the services performed by her, it was her salary. It cannot be said to be indirect wages for the plaintiff, and the salary arrangement cannot be said to be fictitious. *See Gardner v. Hall, supra; Koeller v. Finch, supra; see also Rubenstein v. Celebrezze, supra.* Mrs. Bryan is free to use the salary she earns as she sees fit, including contributing it to Mr. Bryan's support.

The final reason set forth by the Administrative Law Judge to justify his conclusion, that Mr. Bryan controlled the corporation, also does not warrant the reallocation of income. An applicant for retirement benefits may arrange his income for the avowed purpose of qualifying for such benefits. As long as no fraud is involved, there is nothing improper in such an arrangement and it does not warrant reallocation. *Koeller v. Finch, supra; Rubenstein v. Celebrezze, supra; Walker v. Richardson, supra.*

The Court is not intimating that the fact that Mr. Bryan was performing substantial services whose value exceeded his remuneration and that Mrs. Bryan's salary was used for his support are not important considerations. These are relevant considerations, but they do not alone warrant a determination that Mr. Bryan was indirectly receiving wages from the corporation and reallocating income to Mr. Bryan. There is a third consideration which was critical in the instant case and which the Administrative Law Judge did not take into consideration, the reasonableness of Mrs.

---

13. *See* cases cited at page 1267, *supra.*

14. The government has argued in its brief and at oral argument that where, as here, a person seeking retirement benefits performs substantial services for a corporation he controls and is the generating force for a portion of the corpo-

ration's income, some part of that corporation's income *should* be attributed to such a person if he is not receiving any directly. However, this is not the law. The Secretary's authority to reallocate income extends only to fictitious salary arrangements, *see* cases cited at page 1267.

Bryan's salary.[15] As noted,[16] if her salary was reasonable, the salary arrangement cannot be said to be unrealistic or fictitious and a portion of it, or of the corporation's net income, cannot be attributed or reallocated to plaintiff as wages received for his services. If her salary was unreasonable or excessive, then, in light of the fact that Mrs. Bryan's salary was used for plaintiff's support and that plaintiff's services were worth more than his wages, the salary arrangement could be said to be fictitious and Mr. Bryan could be found to be receiving wages indirectly through his wife's salary. However, the Administrative Law Judge failed to make any findings concerning the reasonableness of Mrs. Bryan's wages.

The cases relied upon by defendant are not apposite to the instant case. For instance, in *Dondero v. Celebrezze*, 312 F.2d 677 (2nd Cir. 1963) (per curiam), where the Secretary's determination that the salary arrangement between the plaintiff and his wife was a fictitious shifting of income whereby the plaintiff was receiving indirect remuneration for his services was upheld on appeal, at the time the plaintiff's salary was reduced, his wife was put on the corporation's payroll without any significant change in her minimal duties. Here, however, while Mrs. Bryan's salary was increased at the same time that plaintiff began receiving no salary for his services, her duties significantly increased as she assumed the duties of the two departed executive employees of the corporation. In those cases where the Secretary's determi-

nation that a fictitious salary arrangement was involved and that the applicant for benefits was receiving wages indirectly was upheld, the salary of the person whose income was attributed to the applicant was unreasonable in light of the services performed by such persons. See *e.g., Dondero v. Celebrezze, supra; Newman v. Celebrezze*, 310 F.2d 780 (2nd Cir. 1962); *Poss v. Ribicoff, supra.*

Had the Secretary applied the proper legal standard and considered, in addition to the factors discussed above, the reasonableness of Mrs. Bryan's salary, there would not have been substantial evidence in the record that Mrs. Bryan's salary was unreasonable.[17] Consequently, the record would not have supported a determination under the appropriate standard that the salary arrangement was fictitious. Mrs. Bryan first came to work for the corporation on a part-time basis in 1968. In 1971, she began working for the corporation on a full-time basis and her salary increased to about $22,000 to $24,000 per year.[18] This increase in her salary coincided with a marked increase in her duties. She assumed the duties of both the corporation's general assistant and bookkeeper [19] and was Vice President and Secretary of the corporation.[20] The corporation's previous general assistant had been paid $18,000 in 1968.[21] She handled all of the corporation's accounts and bookkeeping, wrote minutes for some of the corporation's clients, did the work of an Executive Secretary for one of the corporation's clients, the American

---

*supra*, and such facts alone do not render the arrangement a fictitious one.

**15.** To reallocate income on the basis of a fictitious salary arrangement as in the instant case, the Secretary must consider all three of these factors and all three of these factors must be present. *See Gardner v. Hall, supra; Koeller v. Finch, supra; Rubenstein v. Celebrezze, supra.*

**16.** See page 1268 *supra.*

**17.** Several courts have stated that the Secretary's decision to reallocate income must be supported by facts clearly developed in the record, *e.g., Gardner v. Hall, supra; Koeller v. Finch, supra; Rubenstein v. Celebrezze, supra;*

*Runey v. Richardson, supra,* which suggests that the Secretary's decision must be supported by something more than substantial evidence. The Court does not reach the question of the meaning or applicability of this proposition, since in the instant case there is a lack of substantial evidence.

**18.** Tr. 61.

**19.** Tr. 45.

**20.** Tr. 149.

**21.** Tr. 63.

Academy for Cerebral Palsy, and performed some secretarial work, sometimes working 15 hours a day.[22]

Neither party has requested this Court to remand this action to the agency for further consideration or for the taking of additional evidence. The Administration terminated plaintiff's retirement benefits because, although he was otherwise entitled to such benefits, he had been receiving wages in excess of the amount permitted by the Act.[23] In light of the Court's determination that the Secretary employed an improper legal standard in reaching this conclusion and that had the proper standard been applied, there was not substantial evidence in the record to support a finding of indirect remuneration or that the salary arrangement was fictitious, no useful purpose would be served by remanding the case to the agency. The Court will, therefore, reverse the Secretary's decision and direct reinstatement of Mr. Bryan's retirement benefits.[24]

22. Tr. 45, 56.

23. See note 2, *supra* and text at pages 1265–1266 *supra*.

24. Section 205(g) of the Act, 42 U.S.C. § 405(g), empowers the Court to ". . . enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without re-

manding the cause for a rehearing." Where, as here, further evidence is not needed to develop the facts necessary to resolve the action, a remand is unnecessary. *See Nasser v. Secretary of Health, Education and Welfare*, 388 F.Supp. 58 (E.D.N.Y. 1975); *Schad v. Finch*, 303 F.Supp. 595 (W.D.Pa. 1969); *Hupp v. Celebrezze*, 220 F.Supp. 463 (N.D.Iowa 1962).