Max Jack DIAMOND, Plaintiff,

v.

Patricia Roberts HARRIS, Secretary of Health, Education and Welfare, Defendant.

No. CIV–80–138E.

United States District Court, W. D. New York.

April 14, 1981.

---

Gene A. Rauhala of Hartman, Huckabone & Rauhala, Buffalo, N. Y., for plaintiff.

Richard J. Arcara, U. S. Atty., Buffalo, N. Y. (Roger P. Williams, Asst. U. S. Atty., Buffalo, N. Y., of counsel), for defendant.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

This is an action brought under section 205(g) (42 U.S.C. § 405(g)) of the Social Security Act, as amended, to review a final determination by the Secretary of Health, Education and Welfare ("the Secretary"), denying plaintiff's application for retirement insurance benefits for the period beginning January 1, 1977 and ending December 31, 1978. Both parties have moved for summary judgment.

Plaintiff, his wife and their two children are the sole shareholders of Ruth Diamond Market Research Inc. ("Market Research"), a Subchapter S corporation. Plaintiff and his wife each own 30% of Market Research. From 1966 until 1973, Market Research was managed by plaintiff's wife. In late 1973, plaintiff's wife became seriously ill and was hospitalized. At this time, plaintiff left his full-time job in the furniture business to

assume his wife's managerial duties at Market Research. In 1975 plaintiff's wife returned to Market Research on a part-time basis. She resumed her full-time duties in 1976. During this entire time plaintiff was a full-time employee of Market Research. In January 1977 plaintiff applied for retirement insurance benefits. Plaintiff stated in his application that he no longer wished to work full-time but did intend to work between two and three hours daily " * * * to do bookkeeping and payroll only * * * ". By letter dated November 11, 1977 the Social Security Administration notified plaintiff that it was withholding benefit payments on the grounds that plaintiff was still employed and might have earnings in excess of the $3,000 statutory exemption for 1977.[1] Plaintiff requested reconsideration of this decision. Upon reconsideration, the Social Security Administration affirmed its earlier decision on the grounds that plaintiff had not provided the Secretary with convincing evidence that he was retired. Plaintiff then requested a hearing before an Administrative Law Judge ("the ALJ"), which was held February 27, 1979.

The ALJ found that plaintiff continued to render the same services for Market Research and that his total income from Market Research was " * * * at least one half the total income paid to the claimant and his wife." Accordingly, the ALJ found that for retirement purposes plaintiff had 1977 income of $10,344 and 1978 income of $13,-350. This decision became final on December 13, 1979 when it was affirmed by the Appeals Council.

Plaintiff challenges the ALJ decision on three grounds: (1) Plaintiff claims that the ALJ's finding that plaintiff is not retired is not based on substantial evidence; (2) plaintiff contends that there is no evidence in the record to support the ALJ's finding

that plaintiff's income for 1977 and 1978 was one-half of the income paid to him and his wife; and (3) plaintiff contends that the ALJ erred in including plaintiff's dividends from Market Research in his income.

■ Having reviewed the record, I am unable to say that the ALJ erred in finding that plaintiff continues to render substantial services for Market Research. Plaintiff himself admitted before the ALJ that he continues to spend the same amount of time at Market Research's offices as he had prior to his retirement. Plaintiff attempted to explain the contradiction between this statement and his claim that he is retired by saying that he no longer performs any meaningful tasks for Market Research. He stated that the majority of his time at Market Research offices was spent watching television and reading. The ALJ specifically found plaintiff's testimony on this point to lack credibility. Moreover, the record contains additional evidence in support of this finding.

Section 205(g) (42 U.S.C. § 405(g)) of the Social Security Act precludes a court from reviewing an ALJ's findings of fact if such findings are based on substantial evidence. In the instant case, it is clear that there is substantial evidence in the record to support the ALJ's finding that plaintiff was not retired.

Nevertheless, the fact that plaintiff still renders services for Market Research does not end the inquiry. The principal question in a case such as this is whether the plaintiff has received for his services remuneration which exceeds the statutory limit. *Bryan v. Mathews*, 427 F.Supp. 1263 (D.C. Cir.1977).

At this point necessity dictates that the ALJ's findings with respect to plaintiff's

---

1. Section 203(b) and (f) (42 U.S.C. § 403(b) and (f)) of the Social Security Act provide that, with regard to 1977, an individual may earn $3,000 in his taxable year without a loss of benefits. If earnings exceed that amount, one dollar for every two dollars of earnings over $3,000 is deducted from benefits for those months in which the claimant is under age seventy-two and earned over $250.

Section 203(h)(3) (42 U.S.C. § 403(h)(3)) gives the Secretary authority to withhold retirement insurance benefit payments, pending the receipt of an annual report of claimant's income, when it has been determined that claimant may reasonably be expected to have earnings in excess of the statutory amount.

1977 and 1978 income be analyzed separately.

■ With respect to plaintiff's 1978 income, the ALJ's findings are almost purely conjecture. To borrow a phrase, there is not a scintilla of evidence in the record to support them. It must be pointed out, however, that this lack of evidence is totally due to plaintiff's failure to provide the Secretary with relevant tax records for 1978. Therefore, it is proper to withhold 1978 retirement insurance benefits until such time as plaintiff presents such records and establishes his eligibility for these benefits.

With respect to plaintiff's 1977 income, the ALJ determined that the plaintiff's compensation was one-half of the total income which he and his wife derived from Market Research. In reaching the figure of $10,344 for 1977, the ALJ added the wage income and the distributed earnings of Market Research paid to plaintiff and his wife and divided by two.[2] The ALJ used the same procedure for determining plaintiff's 1978 income to be $13,350.

■ The income figures for 1977 were based on the ALJ's examination of the Diamonds' joint tax return and the tax records of Market Research. Although it is within the power of the Secretary to pierce fictitious salary arrangements when it appears that one family member has shifted salary payments to another, there must be a factual basis for such a reallocation of salary. *Gardner v. Hall*, 366 F.2d 132 (10th Cir. 1966); *Bryan v. Mathews, supra*. There is nothing in this record which supports such a conclusion. Nor has the ALJ found that the salary earned by Mrs. Diamond is excessive and was not earned by her. Indeed, the record and the ALJ's own findings support the opposite conclusion. Plaintiff's wife worked for Market Research prior to and after her husband's "retirement." For the two years prior to his "retirement" she received annual wages of $10,400 as did plaintiff. In 1977, the year of plaintiff's retirement, plaintiff's wife received $11,250 in wages whereas plaintiff received $3,000. Had her salary increased in direct relation to the decrease in her husband's salary, the ALJ's determination that plaintiff had wage income equal to one-half of the total wage income of himself and his wife would be tenable although still not conclusive. Absent evidence that Mrs. Diamond's salary was excessive or that she had not earned it, the ALJ's finding that one-half of the total income of plaintiff and his wife is to be allocated to plaintiff is error.

■ In addition to having assigned to plaintiff one-half of the total wage income of plaintiff and his wife, the ALJ included in plaintiff's income $3,219 of Market Research dividends. Section 211(a)(2) (42 U.S.C. § 411(a)(2)) of the Social Security Act excludes dividends from self-employment income. However, it is within the authority of the Secretary to construe Subchapter S dividends as wages where it appears that plaintiff's dividends have increased as a result of a reduction in plaintiff's wages. *Ludeking v. Finch*, 421 F.2d 499 (8th Cir. 1970). In the instant case, the ALJ denominated all of plaintiff's Subchapter S dividends as income for retirement purposes without finding that plaintiff would not have earned these dividends, or a portion of them, had he not taken a reduction in salary. Just as it must be found that a wife's income was excessive or not earned by her before that income can be attributed to the husband, so must it be found that Subchapter S dividends would not have been paid to plaintiff had he not rendered services to Market Research. No such findings were made by the ALJ.

Because of these errors, this action must be remanded to the Secretary for further findings of fact. On remand, the Secretary may not assign to plaintiff any portion of his wife's income unless it can be found that all or some portion of such income was

---

**2.**

| | | |
|---|---|---|
| | $ 3,000 | Mr. Diamond's wages |
| | 11,250 | Mrs. Diamond's wages |
| | 3,219 | Mr. Diamond's distributed dividends |
| | 3,219 | Mrs. Diamond's distributed dividends |
| | $20,688 | Total income |
| | $10,344 | ½ Total income |

excessive or not earned by her. Likewise, the Secretary may not designate any portion of plaintiff's Subchapter S dividends as income for retirement purposes unless it can be found that all or part of such dividends were paid as the result of plaintiff's services. It must be noted also that the Secretary is without authority to reallocate any part of Mrs. Diamond's dividends to plaintiff. *Gardner v. Hall, supra,* 135. Accordingly, the motions for summary judgment are hereby ORDERED denied. It is further ORDERED that this action be remanded to the Secretary for more specific findings.